**Carole H. RILEY, Plaintiff,**

**v.**

**The TOWN OF BETHLEHEM; Board of Appeals of the Town of Bethlehem; Sheila Fuller, Town Supervisor; John H. Flanigan, Individually and In His Capacity as Town Building Inspector for the Town of Bethlehem; Michael Hodum; Robert Wiggand, Richard Lewis,**

**James Morgan, Marjory O'brien, Individually and In Their Capacities as Members of the Board of Appeals of the Town of Bethlehem; Dixon Welt, Attorney for the Board of Appeals of the Town of Bethlehem, Defendants.**

No. 1–97–CV–1788.

United States District Court, N.D. New York.

May 19, 1998.

such facts are set forth. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue, with specific citations to the record where the factual issues arise. All material facts set forth in the statement served by the moving party shall be deemed admitted unless controverted by the statement served by the opposing party. **The motion for summary judgment shall be denied if the moving party fails to file and serve the statement required by this paragraph.**

Law Offices of Peter M. Pryor (Peter M. Pryor, of counsel), Albany, NY, for Plaintiff.

Maynard, O'Connor, Smith & Catalinotto, LLP (Jeffrey E. Hurd, of counsel), Albany NY, for Defendants.

Galvin & Morgan (Madeline Cheila Galvin, of counsel), Delmar, NY, for defendants Marjory O'Brien and James E. Morgan in their individual capacities.

## MEMORANDUM–DECISION & ORDER

MCAVOY, Chief Judge.

Before the Court are motions for summary judgment by the defendants, and a cross-motion for a preliminary injunction by the plaintiff.

This case presents yet another example of what has become an almost habitual failure on the part of litigants in this district to recognize the importance of a proper Local Rule 7.1(f) Statement on a summary judgment motion. It therefore presents the Court with another opportunity to emphasize that importance.

■ Rule 7.1(f) of the Local Rules for the Northern District of New York provides as follows:

On a motion for summary judgment pursuant to Fed.R.Civ.P. 56, there shall be annexed to the notice of motion a separate, **short and concise** statement of the material facts as to which the moving party contends there is no genuine issue, **with specific citations to the record where**

L.R. 7.1(f) (emphasis added). Rule 7.1(f) is not a suggestion, nor is it a rule of general guidance upon which attorneys are free to impose their own interpretations of what must be submitted. The rule is designed to implement the framework mandated by Fed. R.Civ.P. 56 for deciding a summary judgment motion: summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added). Furthermore, the *movant's* Rule 7.1(f) Statement is particularly crucial to the disposition because the burden to demonstrate that no genuine issue of material fact exists falls solely on the moving party. *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317 (2d Cir.1975).

■ In the present case, neither of the defendants' Rule 7.1(f) Statements contain a single citation to the record. Nonetheless, the defendants have submitted numerous exhibits, totaling over two hundred pages. Similarly, plaintiff's Rule 7.1 Statement in response is without citation. This scenario presents the penultimate justification for the specific citations required by Rule 7.1(f).

In requiring full and strict compliance with Rule 7.1(f), the Court is not splitting hairs. As we have noted before, the Rule has a crucial function:

Rule 7.1(f) was drafted to force litigants to focus sharply on the specific factual issues in dispute. By doing this, and providing precise citations to the record where the disputed [or undisputed] facts are located, both parties and the Court can move immediately to the gravamen of the case; absent this forced focus, the parties' briefs can remain, as is often the case, as "two ships passing in the night."

*Cossack v. Burns,* 970 F.Supp. 108, 111 (N.D.N.Y.1997); *see Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir.1995) (stating that local rules like 7.1(f) "serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way—thus facilitating its judgment of the necessity for trial."). Nor are we asking litigants to split the atom in complying with the rule. If the facts supporting the arguments are in the record, counsel should be able to cite to them.

■ Despite our consistent admonitions to the contrary, defendants such as those in the present case continue to regard 7.1(f) as a rule "full of sound and fury, signifying nothing." W. SHAKESPEARE, MACBETH, Act V., Scene 5, lines 32–33. The Rule has a mechanism to deal with such disregard, and the Court invokes that mechanism today. Because defendants have failed to file the statement required by Local Rule 7.1(f), their motions for summary judgment are DENIED. Further, because the resolution of plaintiff's cross-motion for a preliminary injunction involves the consideration of similar issues that have been presented by defendants' motions for summary judgment, and because the parties have stipulated that neither will take any action in the underlying dispute before these motions are decided, the Court reserves on plaintiff's cross-motion for a preliminary injunction.

**IT IS SO ORDERED.**